IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| "BROWN COUNTY SHERIFF" JEROME BROWN<br>FBI DIRECTOR CHRSTOPHER RAY<br>USPIS L. DEALIL FRAZIER, #4940<br>        Plaintiffs<br><br>        v.       .<br><br>PGC SHERIFF MELVIN C. HIGH<br>PGC DEPUTY KSM MORINA<br>COUNTY EXECUTIUVE RUSHERN BAKER, III<br>DISTRICT COURT OF MARYLAND<br>PRINCE GEORGE COUNTY TO WIT:<br>  SHERIFF MELVIN C. HIGH<br>        Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>***** | Civil Action No. PX-18-416 |

**MEMORANDUM OPINION**

On February 9, 2018, Jerome Julius Brown, a frequent self-represented litigator in this court, filed a civil-rights action on the Court's pre-printed complaint forms.[1] ECF No. 1. Brown also moved for in forma pauperis status. ECF No. 2. Although portions of Brown's in forma pauperis affidavit are facially questionable, the Court grants Brown's motion for leave to proceed in forma pauperis because he does appear indigent.

Holding himself out as a "Brown County Sheriff," Brown sues the Sheriff and Deputy Sheriff of Prince George's County, Maryland, as well as the County Executive of Prince

---

[1] Brown has filed over 100 cases with the court. He is subject to communication and pre-filing restrictions imposed in *In re: Jerome Julius Brown*, Misc. No. 04-465 (D. Md.). The miscellaneous order provides, in part, that Brown may only have one case open at a time and must use court forms to file any actions. Further, he is not permitted to enter either the Baltimore or Greenbelt courthouses or to contact court personnel by telephone or facsimile communications. *Id*.

George's County, Maryland and state District Court.[2] In addition to the pre-printed complaint forms, Brown attaches copies of the state court docket, a "criminal complaint" received in this court in August of 2017, and Virginia Department of Motor Vehicles compliance summaries, throughout the complaint form pages. ECF No. 1., pp. 1-2, 6 & 8. Also attached are various documents including a letter from the Prince George's County State's Attorney, a writ of summons in a state district court case, electronic mail responses to and from Brown, credit report information, case information as to a Maryland District Court case from 2015, CJIS information regarding a firearm application, a copy of a personal money order, copies of deeds of trust, and information from the Maryland Department of Assessments and Taxation. ECF No. 1-1. In his relief request, Brown asks that assessment and taxation data on certain real property be changed and he seeks plumbing, electrical and air conditioning repair to the property. *Id.*, p. 11.

A complaint must include a short and plain statement of the grounds upon which the Court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Because Brown is proceeding as a self-represented litigant, the court must liberally construe his complaint. *See e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Yet at the same time, the Court is not to act as Brown's advocate. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Pro se complaints, while "held to less stringent standards," *Erickson*, 551 U.S. at 94, must nonetheless allege facts sufficient to raise a right to relief above the speculative

---

[2] Brown lists Federal Bureau of Investigation Director Christopher Ray and United States Postal Inspection Service employee L. Dealil Frazier as co-plaintiffs. As Brown is the only plaintiff who signed the complaint and is the driving force behind the filing, both Ray and Frazier shall be terminated as parties.

level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Title 28 U.S.C. §§ 1915 and 19l5A permit an indigent litigant to file suit in federal court without prepaying the filing fee. However, a district court "shall dismiss" any such suit if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) and 19l5A(b)(l). More particularly, dismissal is warranted where the complaint rests on "fanciful factual allegations" or "lacks any arguable basis in law or fact." *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

Even when liberally construing Brown's complaint, it plainly cannot survive dismissal. Brown titles his pleading "criminal complaint," and seeks "an arrest warrant;" the remainder does not, with any coherence, state a cause of action. ECF No. 1.[4] To the extent Brown wishes to pursue criminal charges against defendants, he must bring his concerns to the attention of law enforcement, as this Court wholly lacks authority to effectuate the criminal prosecution of another via civil complaint. *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012).

Accordingly, based on the foregoing, Brown's Complaint is DISMISSED. A separate Order follows.

Date:  2/26/18                                        /S/
                                                      Paula Xinis
                                                      United States District Judge

---

[4] The court is mindful of the Fourth Circuit decision in *Goode v. Central Virginia Legal Aid Society, Inc*., 807 F.3d 619, 624 (4th Cir. 2015) (circuit court lacks appellate jurisdiction because litigant could amend the complaint to cure pleading deficiency; case remanded to allow litigant to file an amended complaint). However, Brown's current complaint does not remotely state a claim for relief, and when considered in combination with his filing history in this court, leave to amend would be futile.